**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD GILLICH,**

                                **Plaintiff,**

    vs.                                                3:18-CV-0486
                                                               (MAD/DEP)

**BEVERLY J. SHIELDS,**
**Delaware County Treasurer,** *et al.*,

                                **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**RICHARD GILLICH**
22 Gregory Street
Danbury, Connecticut 06811
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Richard Gillich, commenced this action *pro se* on April 9, 2018, against the Delaware County Treasurer, the Delaware County Attorney, the assistant Delaware County Attorneys, Delaware County, and the State of New York. *See* Dkt. No. 1. Plaintiff asserts claims under United States Tort Law and common law in response to Defendants' efforts to foreclose on a property in which Plaintiff has an interest for Plaintiff's non-payment of taxes. Plaintiff filed an application to proceed *in forma pauperis*. *See* Dkt. No. 2.

      On April 30, 2018, Magistrate Judge David E. Peebles issued an Order, Report, and Recommendation denying Plaintiff's IFP application with leave to refile and recommending that Plaintiff's complaint be dismissed with leave to replead for failure to state a claim.

      A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). When a plaintiff seeks

to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Although, the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see*, *e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct.  *Id.* (citations and quotation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c) (2009). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the April 30, 2018 Order, Report, and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly denied Plaintiff's

3

motion for leave to proceed IFP and recommended that the Court should dismiss Plaintiff's complaint in its entirety. Magistrate Judge Peebles correctly determined that Plaintiff's complaint was too ambiguous and nonsensical to allow the Court to analyze any purported cause of action. Dkt. No. 6 at 9. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court also adopts Magistrate Judge Peebles' recommendation that Plaintiff be permitted an opportunity to amend his complaint.

Although Plaintiff filed objections to Magistrate Judge Peebles' Order, Report, and Recommendation, these objections amount to little more than nonsense and recitals of the accusations levied in the complaint. *See* Dkt. No. 7. Plaintiff does not allege any facts in his objections that indicate any error on the part of Magistrate Judge Peebles in his Order, Report, and Recommendation, but instead merely protests the findings of law by restating allegations contained in his initial complaint. *Id.*

After carefully reviewing Magistrate Judge Peebles' Order, Report, and Recommendation, Plaintiff's submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Order, Report, and Recommendation is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint is dismissed with leave to replead; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor without further order of this Court and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge